IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

BYRON LANDON,  )
    Plaintiff,  )
  )
v.  )    Civil No. 3:19cv359 (DJN)
  )
UNITED STATES OF AMERICA,  )
    Defendant.  )
  )

## MEMORANDUM OPINION

Plaintiff Byron Landon ("Plaintiff") brings this action against Defendant the United States of America ("Defendant") pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging that a United States Postal Service ("USPS") employee negligently caused a workplace accident that resulted in serious injury to Plaintiff. This matter now comes before the Court by consent of the parties pursuant to 28 U.S.C. § 636(c)(1) on Defendant's Motion to Dismiss (ECF No. 7), moving to dismiss Plaintiff's Complaint (ECF No. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, the Court GRANTS Defendant's Motion (ECF No. 7).

### I.    BACKGROUND

When, as here, a defendant "challenges the factual predicate of subject matter jurisdiction, '[a] trial court may then go beyond the allegations of the complaint'" to determine if there are facts that support the jurisdictional allegations. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Accordingly, the Court accepts the following facts.

At the time of his injury, Plaintiff worked as a "delivery driver" for John W. Ritter Trucking, Inc. ("Ritter Trucking"), a mail-delivery contractor for the USPS. (Compl. ¶ 11; Ex. A

to Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss ("Def. Ex. A") (ECF No. 8-1) at 1; Ex. B to Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss ("Def. Ex. B") (ECF No. 8-2) at 1.) On the morning of April 22, 2016, Plaintiff was completing his pickup and delivery duties at the USPS Office in Sandson, Virginia. (Compl. ¶ 11.) Plaintiff alleges that as he stood "on top of a completely loaded and strapped trailer taking inventory," Ronna Bundick, a USPS employee, retracted a dock plate, creating a gap between the dock and the trailer. (Compl. ¶ 11.) According to Plaintiff, Ms. Bundick did not inform Plaintiff about the gap and, unaware, Plaintiff stepped backwards, causing his right leg to fall into the gap, and injuring it. (Compl. ¶ 11.) Following the accident, on April 11, 2018, Plaintiff filed an administrative claim with the USPS. (Compl. ¶ 7.) On December 3, 2018, the USPS denied Plaintiff's claim. On March 15, 2019, Plaintiff filed the instant suit pursuant to the FTCA. (Compl. ¶¶ 8-9.)

On May 28, 2019, Defendant moved to dismiss Plaintiff's claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). (Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Mem.") (ECF No. 8).) Specifically, Defendant argues that the Virginia Workers' Compensation Act ("VWCA" or the "Act") bars Plaintiff's claim against the USPS. (Def.'s Mem. at 1.) On May 31, 2019, Plaintiff filed a Memorandum in Opposition, alleging that the VWCA does not shield the USPS from suit in this case. (Pl.'s Opp. to Mot. to Dismiss ("Pl.'s Opp.") (ECF No. 9).) Defendant filed a Reply on June 6, 2019, (Def.'s Reply Mem. in Supp. of Def.'s Mot. to Dismiss ("Def.'s Reply") (ECF No. 10)), rendering the matter ripe for review.

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A challenge under Rule 12(b)(1) may be facial or factual. *Kerns*, 585 F.3d at 192. If a defendant, as here, challenges the factual

predicate of the court's subject matter jurisdiction, the defendant may attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In instances where a defendant makes a factual challenge to subject matter jurisdiction, "the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings." *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Indeed, the Court may consider evidence outside of the pleadings without converting Defendant's 12(b)(1) motion to one for summary judgment. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted). Regardless of whether the 12(b)(1) challenge is facial or factual, the plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### III. ANALYSIS

Defendant contends that the Court lacks jurisdiction to adjudicate Plaintiff's case, because the VWCA bars his claim. (Def.'s Mem. at 1.) Specifically, Defendant argues that because under the FTCA the United States is liable to the same extent that a private defendant would be under state law, and because under Virginia law the VWCA is the "'exclusive remedy' against a statutory employer" for employees injured while performing work within the employer's trade or business, the VWCA bars Plaintiff's claim. (Def.'s Mem. at 1.) Plaintiff responds that the VWCA does not bar Plaintiff's claim, because the Virginia Supreme Court has held that Virginia workers' compensation laws are inapplicable to the federal government. (Pl.'s Opp. at 1.)

### A. The Government's Waiver of Sovereign Immunity Under the FTCA.

Absent an explicit statutory waiver, sovereign immunity shields the United States from civil suits. *Kerns*, 585 F.3d at 194. In enacting the FTCA, Congress waived sovereign immunity for certain torts committed by federal employees. *Id.* (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). The FTCA allows for monetary relief for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, the FTCA's limited waiver allows for liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.*; *Kerns*, 585 F.3d at 194 ("An action under the FTCA may only be maintained if the Government would be liable as an individual under the law of the state where the negligent act occurred."); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances."). To that end, the FTCA "'plac[es] the government on the same footing as a private person with regard to certain types of claims.'" *Bosman v. United States*, 2012 WL 5957354, at *4 (E.D. Va. Nov. 27, 2012) (quoting *Coulter v. United States*, 256 F. Supp. 2d 484, 488 (E.D. Va. 2003)). Furthermore, because the FTCA provides for a waiver of sovereign immunity, courts construe the FTCA strictly, and all ambiguities are resolved in favor of the United States. *Radin v. United States*, 699 F.2d 681, 685 (4th Cir. 1983).

As a threshold issue, because the parties agree that the alleged tortious conduct and resulting injury occurred in Virginia, (Compl. ¶ 11; Def.'s Mem. at 2.), Virginia law governs the extent of Defendant's liability. *See Coulter*, 256 F. Supp. 2d at 488 (explaining that in determining whether a state workers' compensation statute bars a claim, the law of the state

where the injury occurred governs (citing *Home Indem. Co. of N.Y. v. Poladian*, 270 F.2d 156, 160 (4th Cir. 1959))). Accordingly, the Court must consider whether, under Virginia law, the VWCA bars Plaintiff's negligence claim against Defendant for his work-related injuries.

### B. The VWCA Exclusivity Clause Bars Plaintiff's Civil Claim.

Because the FTCA's limited waiver allows for liability only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1), the Court must consider whether the VWCA would bar a claim against a private defendant under like circumstances.

The VWCA provides rights and remedies to an employee who suffers an "'injury by accident arising out of and in the course of employment.'" *Scott v. CG Bellkor, LLC*, 2017 WL 1157867, at *8 (E.D. Va. Mar. 27, 2017) (quoting Va. Code § 65.2-101). And here, it is undisputed that Plaintiff's alleged injury was the result of an accident arising out of his employment. Plaintiff worked as a delivery driver for Ritter Trucking and Plaintiff's injury allegedly arose while he completed his pickup and delivery duties at the Post Office in Sandson, Virginia. (Compl. ¶ 11.)

Pursuant to the VWVA's exclusivity clause, the remedies provided by the VWCA "exclude all other rights and remedies of [an] employee . . . at common law or otherwise, on account of [the] injury." § 65.2-307. To expand the VWCA's reach, the exclusivity clause also applies to "statutory employers" "'in order to bring within the VWCA independent contractors and subcontractors who are engaged in work that is part of the trade, business, or occupation of the owner.'" *Nelson v. U.S. Postal Serv.*, 189 F. Supp. 2d 450, 456 (W.D. Va. 2002) (quoting

*McCotter v. Smithfield Packing Co.*, 849 F. Supp. 443, 447 (E.D. Va. 1994)). Specifically, the VWCA defines "statutory employer," in relevant part, as:

> When any person (referred to in this section as an "owner") undertakes to perform or execute any work which is part of his trade, business or occupation and contracts with any other person (referred to in this section as a "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

§ 65.2-302(A). Thus, if an entity qualifies as a statutory employer under the Act, the Act shields the entity from liability for common-law tort actions brought by subcontractors. *Nelson*, 189 F. Supp. 2d at 456.

Generally, to determine if an entity constitutes a statutory employer as defined under the Act, courts consider whether, at the time of the injury, the contract employee was performing work consistent with the entity's "trade, business, or occupation." *Coulter*, 256 F. Supp. 2d at 489. When, as in this case, "the potential statutory employer is governed by statutes or regulations that define the scope of the entity's business . . . those statutes and regulations are determinative of the entity's 'trade or business.'" *Id.* (citing *Henderson v. Cent. Tel. Co. of Va.*, 355 S.E.2d 596, 599-600 (Va. 1987)); *see also Pendley v. United States*, 856 F.2d 699, 702 (4th Cir. 1988) ("[T]he test is what the statutory employer . . . is required to do [or] what it is mandated to do by statute or regulation.").

The USPS "is governed by statutes or regulations that define the scope of the entity's business." *Coulter*, 256 F. Supp. 2d at 489. Pursuant to 39 U.S.C. § 101, "[t]he Postal Service shall have as its basic function the obligation to provide postal services to bind the Nation together . . . It shall provide prompt, reliable, and efficient services to patrons in all areas and

6

shall render postal services to all communities." Based on this statutory mandate, the distribution of mail undoubtedly represents the USPS's "trade, business or occupation."

During the relevant period, Plaintiff served as an employee of Ritter Trucking, a mail-delivery trucking contractor for the USPS, responsible for "carrying and/or handling" mail for the USPS. (Compl. ¶ 11; Def. Ex. A at 1.) At the time of his injury, Plaintiff was "completing his delivery and pickup" responsibilities at the Post Office. (Compl. ¶ 11.) Delivery and pickup of the mail constitutes the USPS's "most basic level" of work. *Nelson*, 189 F. Supp. 2d 450. The work subcontracted out to Ritter Trucking and that Plaintiff performed clearly qualified as part of the USPS's "trade, business or occupation," § 65.2-302(A); therefore, the USPS constituted Plaintiff's statutory employer under the VWCA. *See Bosman*, 2012 WL 5957354, at \*5 (finding that the United States was the statutory employer of a subcontractor hired to perform engineering and technical services on Navy submarine navigation equipment) (citing similar holdings in *Lawrence v. United States*, 972 F.2d 340 (4th Cir. 1992); *Muldrow v. United States*, 972 F.2d 341 (4th Cir. 1991); *Coulter*, 256 F. Supp. 2d at 493; *Perry v. United States*, 882 F. Supp. 537, 540 (E.D.Va.1995); *Hyman v. United States*, 796 F. Supp. 905, 908 (E.D. Va .1992)). Because the USPS qualifies as Plaintiff's statutory employer within the context of the Act, and a private employer in like circumstances would be shielded from liability pursuant to the VWCA's exclusivity clause, the Court finds that the VWCA's exclusivity clause bars Plaintiff's claim. § 65.2-302(A); *see also* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances.").

As for Plaintiff's contention that the Virginia Supreme Court's holding in *Gibbs v. Newport News Shipbuilding & Drydock Co.* bars the application of the VWCA's exclusivity

clause to the United States in this case, the Court finds such argument unpersuasive. (Pl.'s Opp. at 1.) For one, the court in *Gibbs* held that Virginia law "cannot subject the Navy to the requirements of the [VWCA]," because the FTCA, not Virginia law, determines the validity of claims against the United States. *See* 733 S.E.2d at 651 n. 2 ("[Certain cited cases prove] inapposite here because they were actions brought against the United States under the [FTCA] . . . wherein the federal government consents to be sued 'in the same manner and to the same extent as a private individual in like circumstances.'" (internal citations omitted)). Thus, the Virginia Supreme Court recognized that the FTCA's plain terms govern the extent of the federal government's liability.

Indeed, the Fourth Circuit has held that state law cannot determine the extent to which the federal government has waived its sovereign immunity. *See Starns v. United States*, 923 F.2d 34, 37 (4th Cir. 1991) ("In a suit under the FTCA, a plaintiff may only recover against the government to the extent the government has waived its sovereign immunity. While Virginia law informs us on how a private party would be treated, it is incapable of telling us to what extent the federal government has waived its sovereign immunity." (citing *Reilly v. United States*, 863 F.2d 149, 162 (1st Cir.1988); *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986))). Because the FTCA requires courts to consider how private parties in like circumstances would be treated under state law, the Court's analysis begins and ends with that inquiry, even if that inquiry results in a windfall to the government. *See id.* ("Virginia law, as applied to private parties in 'like circumstances,' determines the extent of the government's liability in this case. Since private health care providers in Virginia would in 'like circumstances' be entitled to the benefit of [the VMMA], so, too, is a federally operated hospital in that state.").

Ultimately, because the Virginia Supreme Court's holding in *Gibbs* cannot dictate the extent to which Defendant waives its sovereign immunity, and because the VWCA exclusivity clause would bar Plaintiff's claim against a private employer in like circumstances, the Court must dismiss Plaintiff's Complaint for lack of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 7). An appropriate Order shall issue.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

/s/
David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: October 15, 2019